UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANIELLE STEWART | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| DG LOUISIANA, LLC | * | JUDGE: |
| | * | |
| | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, DG Louisiana, LLC, (DG Louisiana), who hereby removes this lawsuit to this Honorable Court, and avers the following:

**A.   Introduction**

I.

On or about September 2, 2020, Plaintiff, Danielle Stewart, filed a Petition for Damages in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana entitled ''*Danielle Stewart versus DG Louisiana, LLC,*'' No. 189410, "A".  Copies of plaintiff's Petition for Damages and citations and all process and proceedings are attached hereto as Exhibit "A" as required by 28 U.S.C. §1446(a).

**B.   The Parties and Their Citizenship**

II.

Plaintiff, Danielle Stewart, is a citizen of and domiciled in the State of Louisiana.

III.

Defendant, DG Louisiana, is a foreign single member limited liability company organized under the laws of the State of Tennessee.

IV.

Defendant's, DG Louisiana, sole member is Dolgencorp LLC, a foreign limited liability company organized under the laws of the State of Kentucky. Dolgencorp LLC's sole member is Dollar General Corporation, a foreign corporation incorporated under the laws of the State of Tennessee, domiciled in the State of Tennessee and with its principal place of business in the State of Tennessee. Therefore, DG Louisiana is, in turn, a citizen of Tennessee.

**C.**     **Basis for Diversity Jurisdiction**

V.

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity of citizenship. Accordingly, removal is proper pursuant to 28 U.S.C. §1441(a).

VI.

The following is a complete explanation of the basis for diversity jurisdiction:

a. Complete Diversity Exists Between the Parties: There is complete diversity between the parties, as the plaintiff is a citizen of the State of Louisiana and Defendant, DG Louisiana, including its constituent member and its member, are domiciled/incorporated and have principal places of business in states other than Louisiana.

b. Jurisdictional Amount:

1) Pursuant to 28 U.S.C §1332(a), the jurisdictional amount in a diversity case is $75,000.00, exclusive of interest and costs.

2) When, in alleged diversity cases, the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount. Defendant can carry this burden by showing that it is facially apparent that the claims will exceed the jurisdiction amount, or by setting forth facts in controversy, in the removal petition or by affidavit or other summary type evidence that support a finding of the requisite amount. *Allen v. J.C. Penny,* 2000 WL 381935 (E.D. La. 2000).

3) If a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332 jurisdictional threshold, that Louisiana case will then resemble any other amount-in-controversy case, bringing into play the foundational rule of removal jurisdiction: The plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000.00. *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

4) On May, 31, 2019, the plaintiff, Danielle Stewart, alleges that she tripped and fell over an item and landed on her previously injured back at the Dollar General Store located on 1955 Prospect Boulevard, Houma, Louisiana.

5) The plaintiff further alleges that as a result of the accident she sustained injuries and claims to have suffered medical expenses (past, present and

future), physical pain, suffering and anguish (past, present and future), mental anguish (past, present and future), loss of enjoyment of life (past, present and future), disfigurement and disability, lost wages (past, present and future) and other elements of damages developed during discovery and/or proven upon trial of this matter.

6) Although it was not initially apparent from Plaintiff's Petition for Damages that the jurisdictional amount was met, on July 20, 2021, Plaintiff's counsel provided her answers and responses to the Defendant's Interrogatories and Requests for Production and, on July 23, 2021, produced a portion of the Plaintiff's medical records via regular mail. In her Answer to Interrogatory No. 22, the Plaintiff stated, upon information and belief, her damages exceed $75,000.00. Exhibit "B". The attached medical records make it clear that the Plaintiff seeks damages in excess of $75,000.00 exclusive of interest and costs. Exhibit "C."

7) In summary, the medical records reflect that it is alleged that the Plaintiff aggravated a prior back condition and an MRI lumbar taken on June 17, 2020 showed a disc protrusion at the L3-4 level and other lumbar disc pathology.

8) Here, it is clear from the Plaintiff's recently produced answers and responses to the Defendant's Interrogatories and Requests for Production and medical records that the claims are above the jurisdictional amount because of the alleged injuries suffered by plaintiff and corresponding medical treatment.

    9)    Furthermore, a written interrogatory response by plaintiffs that their damages exceed the jurisdictional amount is "unequivocally clear and certain" information and appropriate summary-judgement type evidence that would allow defendants to meet their preponderance of evidence burden. In fact, in *Chapman*, the seminal Fifth Circuit case on timeliness disputes, the Court stated that "the answer to interrogatory which triggered the filing of the notice of removal in this case" qualified as a "paper" from which removability could be ascertained pursuant to § 1446(b)(3).

    10)    Conclusion: Since the elements of complete diversity and jurisdictional amount are met, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. *Williams v. Stockstill,* 2019 WL 581517 (E.D. La. 2019).

**D.**    **Removal is Timely and Proper to this Court**

VII.

This Notice is timely under the provisions of 28 U.S.C. §1446(b)(3) and (c)(3)(A) and Fed. Rule of Civ. Pro.6 because it was filed within 30 days of receipt of "other paper", discovery answers and responses by the defendant DG Louisiana on July 20, 2021 and medical records on July 23, 2021. "Exhibit D."

VIII.

The 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana is located within the jurisdiction of the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. §1441(a) because it is the district and division embracing the place where such action in pending.

IX.

Copies of this Notice of Removal are being served on opposing counsel and being filed with the Clerk of Court of the 32nd Judicial District Court, Parish of St. Tammany, State of Louisiana.

X.

Based on the foregoing, this Court has removal jurisdiction over this action based on diversity pursuant to 28 U.S.C. §1332 and §1441(a).

WHEREFORE, Defendant, DG Louisiana, LLC, hereby removes the above action, now pending against it in the 32nd Judicial District Court, Parish of Terrebonne, State of Louisiana to the United States District Court for the Eastern District of Louisiana.

Respectfully Submitted:

**COURINGTON, KIEFER & SOMMERS, L.L.C.**

*/s/ Daniel R. Estrada*
KAYE N. COURINGTON (LSBA #18582)
DANIEL R. ESTRADA (LSBA # 26632) T.A.
STEVEN M. LOZES (LSBA #8922)
616 Girod Street
New Orleans, LA 70130
Telephone: (504) 524-5510
Facsimile: (504) 524-7887
kcourington@courington-law.com
destrada@courington-law.com
slozes@courington-law.com
**ATTORNEYS FOR DEFENDANT,
DG LOUISIANA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties herein by depositing same in the United States mail, postage prepaid, or via telefax transmission, this 19th day of August, 2021.

<i>/s/ Daniel R. Estrada</i>