UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIELLE STEWART                                              CIVIL ACTION

VERSUS                                                        NO. 21-1580

DG LOUISIANA, LLC, *et al.*                                   SECTION M (1)

### ORDER & REASONS

Before the Court is the motion of plaintiff Danielle Stewart for leave to file under seal her opposition memorandum and supporting documents (the "opposition") to the motion for summary judgment filed by defendant DG Louisiana, LLC ("DG Louisiana").[1] Upon receipt of Stewart's motion, the Court ordered her to show cause why the entirety of the opposition should be filed under seal given the Fifth Circuit's standard for sealing court records set out in *Le v. Exeter Financial Corp.*, 990 F.3d 410, 416-21 (5th Cir. 2021), and *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).[2] In response to the show-cause order, Stewart submits that she mistakenly sought leave to file the entirety of the opposition under seal and, instead, seeks only partial sealing[3] of the opposition through redaction of any information subject to a previously-entered protective order.[4] Stewart's only justification for seeking leave to file the opposition under seal is that the opposition contains information and documents covered by the protective order.[5] DG Louisiana, although it was permitted an opportunity to do so, did not file a statement of its position concerning Stewart's request to seal within the 14-day period for

---

[1] R. Doc. 39.
[2] R. Doc. 40.
[3] R. Doc. 41 at 2.
[4] R. Docs. 12; 25.
[5] R. Doc. 41 at 1-2.

responding to the show-cause order, despite being the party who sought – and was granted – the contested protective order.

"Different legal standards govern protective orders and sealing orders." *June Med. Servs.*, 22 F.4th at 521. Protective orders, which apply to documents produced at the *discovery* stage, require the district court to find "good cause." *Id.* "'But at the *adjudicative* stage, when materials enter the court record, the standard for shielding records from public view is far more arduous.'" *Id.* (quoting *Le*, 990 F.3d at 420) (emphasis in original). "To decide whether something should be sealed [at the adjudicative stage], the court must undertake a '"document-by-document," "line-by-line" balancing of "the public's common law right of access against the interests favoring nondisclosure."'" *Id.* (quoting *Le*, 990 F.3d at 419). Under this standard, "'the working presumption is that judicial records should not be sealed.'" *Id.* (quoting *Le*, 990 F.3d at 419). Should the Court determine "that any sealing is necessary, it must be 'congruent to the need.'" *Id.* (quoting *Le*, 990 F.3d at 420). "That a document qualifies for a protective order under Rule 26(c) [of the Federal Rules of Civil Procedure] for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*." *Id.* (emphasis in original).

Here, Stewart seeks to shield from public disclosure parts of her opposition to DG Louisiana's motion for summary judgment.[6] Her only justification is that the redacted portions of the documents are subject to a protective order. In failing to respond to the show-cause order, DG Louisiana, the party that sought the protective order and labeled the subject documents confidential, provides no rationale to support keeping these documents from public view. Neither party provides the requisite document-by-document/line-by-line analysis of any interests favoring nondisclosure over the public's right of access. Thus, the only basis put forward for shielding

---

[6] R. Doc. 41 at 2.

from disclosure any part of Stewart's opposition (including the exhibits) is that some of the documents are subject to the protective order. But whether "a document qualifies for a protective order ... says nothing about whether it should be sealed." *Id.* Consequently, neither party has demonstrated that the public's right of access should take a backseat to nondisclosure.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Stewart's motion for leave to file her opposition to DG Louisiana's motion for summary judgment under seal (R. Doc. 39) is DENIED.

IT IS FURTHER ORDERED that Stewart's opposition to DG Louisiana's motion for summary judgment, including the memorandum in opposition,[7] statement of material facts,[8] and all supporting exhibits,[9] be filed into the public record of the above-captioned matter.

New Orleans, Louisiana, this 25th day of January, 2023.

                                                        BARRY W. ASHE
                                                       UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 39-2.
[8] R. Doc. 39-3.
[9] R. Docs. 39-4; 39-5; 39-6; 39-7; 39-8.