UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIELLE STEWART                                    CIVIL ACTION

VERSUS                                             NO. 21-1580

DG LOUISIANA, LLC                                  SECTION M (1)

**ORDER & REASONS**

Before the Court is a motion for summary judgment filed by defendant DG Louisiana, LLC ("DG Louisiana").[1]  Plaintiff Danielle Stewart responds in opposition,[2] and DG Louisiana replies in further support of its motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion and dismissing with prejudice Stewart's claims against DG Louisiana.

I.      **BACKGROUND**

This case involves a trip-and-fall accident in a Dollar General store owned by DG Louisiana.  Stewart alleges that on April 6, 2020, she was shopping at a Dollar General store in Houma, Louisiana, when she "tripped and fell over an item causing a hazardous condition."[4]  Stewart further alleges that the fall "landed her on her previous[ly] disabled back."[5]  Stewart testified at her deposition that on the day of the accident, she was shopping for baskets with her friend Misty Dillon.[6]  She and Dillon went in different directions upon entering the store.[7]  Stewart

---

[1] R. Doc. 36.
[2] R. Doc. 44.
[3] R. Doc. 46.
[4] R. Doc. 1-1 at 1.  The complaint states that the accident occurred in May 2019, but Stewart testified at her deposition, and all parties seem to agree, that the accident occurred on April 6, 2020.  R. Docs. 36-1 at 1; 36-5 at 13; 44 at 3.
[5] R. Doc. 1-1 at 1.
[6] R. Doc. 36-5 at 13.
[7] *Id.* at 14.

1

went to the back of the store for a certain item of merchandise but then exited the store to retrieve her phone and credit card from her vehicle.[8]  When Stewart reentered the store, she walked down the toy aisle and fell "to the back."[9]  Stewart testified that she did not know what caused her to fall, but she assumed it was "what they had on the floor," speculating, alternately, it may have been water or toys.[10]  Stewart did not know how the toys or water got on the floor, how long the toys or water had been there, or whether any DG Louisiana employee knew of such a condition.[11]  Dillon did not witness the accident.[12]

Stewart filed this action in Louisiana state court alleging that DG Louisiana's negligence caused her accident.[13]  DG Louisiana removed the action to this Court on the basis of diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[14]

## II.   PENDING MOTION

DG Louisiana moves for summary judgment arguing that Stewart cannot sustain a claim for merchant liability because she cannot prove that there was an unreasonable risk of harm or that DG Louisiana had actual or constructive knowledge of any condition on the aisle floor where the accident occurred.[15]  At her deposition, Stewart testified that she did not know what she slipped on or how long the supposed hazard was present.[16]  Further, assistant manager Marsha Carlos, who was the only DG Louisiana employee working at the time of the accident, testified at her deposition that there was no water on the floor and she did not know or remember Stewart telling her that she

---

[8] *Id.*
[9] *Id.* at 15-16.
[10] *Id.* at 16-18.
[11] *Id.* at 17-19.
[12] *Id.* at 16.
[13] R. Doc. 1-1 at 1-3.
[14] R. Doc. 1 at 1-5.
[15] R. Doc. 36-1 at 1-12.
[16] *Id.* at 5-12.

tripped on a box.[17] Carlos testified that after the accident she saw a box against a shelving unit behind a support beam but the box was not in the middle of the aisle.[18]

In opposition, Stewart argues that there are disputed issues of fact that preclude summary judgment.[19] While admitting that the store's surveillance video did not capture the accident, Stewart argues that the video creates a triable issue of fact because it shows (1) that the aisle where the accident occurred had an open cardboard box and open unstocked merchandise on the floor; (2) trash, unstocked merchandise, or items dropped by customers in other aisles; (3) that nobody checked the store's floors the hour before the accident; and (4) the employees failed to adhere to DG Louisiana's policies of keeping the aisles free of debris and taking pictures of the accident scene.[20] She also argues that her memory of the accident was marred by the time of her deposition because she had Covid twice in the interim.[21] In support of her position, she recounts the various versions of events she gave to medical providers around the time of the accident.[22] On the day of the accident, April 6, 2020, Stewart told the EMTs that she fell when "she went to grab an item off the shelf and fell onto a box as she stepped backwards."[23] That same day, she told hospital personnel that she "fell backwards over some stuff in the floor."[24] Then, on May 5, 2020, Stewart informed Houma Thibodaux Spine and Rehab that she fell when she "backed up to look at an item."[25]

---

[17] *Id.* at 7-8 (citing R. Doc. 36-6 at 21-22, 24-25).
[18] *Id.* (citing R. Doc. 36-6 at 22).
[19] R. Doc. 44.
[20] *Id.* at 2-8.
[21] *Id.* at 4.
[22] *Id.* at 3-4.
[23] *Id.* at 3.
[24] *Id.*
[25] *Id.*at 3-4.

DG Louisiana replies arguing that Stewart cannot establish that there was an unreasonable risk of harm.[26]  First, DG Louisiana points out that Stewart did not attach the surveillance video to her opposition (DG Louisiana provides it with its reply), but regardless, the video does not show any customer, including Stewart, having an issue traversing the aisle on which the accident occurred, nor does it show what caused Stewart to fall.[27]  DG Louisiana also argues that Stewart's alleged statements to medical providers are hearsay that cannot be considered, and again, she fails to attach the records to her opposition.[28]  Finally, DG Louisiana argues that Carlos's testimony does not help Stewart because Carlos did not witness the accident or know what caused Stewart to fall.[29]

## III.   LAW & ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323.  If the moving party meets

---

[26] R. Doc. 46 at 1-2.
[27] *Id.* at 2-3.
[28] *Id.* at 3.
[29] *Id.* at 4-5.

that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such

facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden.  *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B).  Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d at 1075-76.

### B. Premises Liability

Under Louisiana law, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A).  "This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage."  *Id.*  To prove a negligence claim against a merchant in a trip-and-fall case, the plaintiff must prove all the following:

> (1) The condition [existing in or on a merchant's premises alleged to have caused the fall] presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. …

La. R.S. 9:2800.6(B).  The heightened burden under subsection B – as compared to the burden under subsection A – applies in situations where a customer falls on a merchant's premises.  *Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000) (citing *Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209 (La. 1999)).  "Failure to prove any one element negates a plaintiff's negligence action." *Martin v. Boyd Racing, L.L.C.*, 681 F. App'x 409, 411 (5th Cir. 2017).  The Fifth Circuit has observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which

cannot be met by "[m]ere speculation or suggestion."  *Bagley v. Albertsons, Inc.,* 492 F.3d 328,
330 (5th Cir. 2007) (quotations omitted).

Stewart cannot prevail because she cannot prove that there was a condition on the aisle
floor, whether toys, boxes, water, or something else, presenting an unreasonable risk of harm that
DG Louisiana created or of which it had actual or constructive notice.  There is no evidence that
there was any water on the floor.  Stewart does not remember water but supposes there could have
been.  Carlos testified that there was no water on the floor.  Further, Stewart presents no evidence
that there were toys or boxes in the aisle where the fall occurred, how they got there, or that they
posed an unreasonable risk of harm.  In all the versions of events she reported to medical providers
and at her depositions – whether she was simply walking and fell, backed up to look at an item
and fell, or tried to grab at an item and fell – there is no positive evidence of what she fell on or
that it was unreasonably dangerous.  The conclusion that Stewart cannot sustain her burden of
proof is supported by *Bailey v. Fred's Stores of Tennessee Inc.*, 243 F. App'x 850 (5th Cir. 2007),
in which the Fifth Circuit held that a plaintiff who did not know the cause of her fall could not
produce any evidence that a hazardous condition or unreasonable risk of harm existed.

Moreover, there is no evidence that DG Louisiana had actual or constructive notice of any
hazard in the aisle.  Carlos testified that she did not see any water in the aisle and the only box she
saw was up against a shelf, thus negating actual notice. With respect to constructive notice, a
plaintiff must prove "that the condition existed for such a period of time that it would have been
discovered if the merchant had exercised reasonable care."  La. R.S. 9:2800.6(C)(1).  The
Louisiana supreme court has stated that a plaintiff asserting a premises liability claim against a
merchant must make a positive showing that the hazardous condition existed for some time prior
to the accident.  *White v. Wal-Mart Stores, Inc*., 699 So. 2d 1081, 1084 (La. 1997).  "A claimant

who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Oliver v. Belle of Orleans, LLC*, 2022 WL 1052526, at *4 (La. App. Apr. 8, 2022). In this case, Stewart has not presented any evidence positively establishing the presence of a hazardous condition in the aisle or how long it was there, much less that it was there for such a length of time as would reasonably require a DG Louisiana employee to have discovered it. Carlos testified that DG Louisiana employees are reminded by a system prompt to check the aisles for hazards every two to four hours and that the safety checks are logged into the point-of-sale system.[30] There is no evidence that this did not occur on the day of the accident. Thus, Stewart has not carried her summary-judgment burden of showing either actual or constructive notice of the alleged hazardous condition.

## IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that DG Louisiana's motion for summary judgment (R. Doc. 36) is GRANTED, and Stewart's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 25th day of January, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[30] R. Doc. 36-6 at 19.